THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GLENN PILKINGTON, Appellant.

County Court, Broome County, March 3, 1951.

*Morgan J. Gorman* for appellant.

*Samuel W. Bernstein, District Attorney (Frederick J. Vavra* of counsel), for respondent.

Barnes, J. Defendant has been convicted before a Police Justice of violation of section 14 of the ordinances of the Village of Johnson City, New York. This ordinance so far as it is pertinent here is as follows:

"*Section 14, Resisting an Officer* — It shall be unlawful for any person to harm, obstruct or resist any officer of the Village of Johnson City in the performance of any duty required of him as such officer, or to refuse or neglect to assist in extinguishing any fire when requested so to do by the Chief of Police, or any Police Officer, or to refuse or neglect to assist any officer of the Village of Johnson City in the execution of his duties when requested so to do by such officer, or shall fail or refuse to obey any lawful sign or signal by hand, voice or otherwise given by a Police Officer in the discharge of his duties as such.

"Any person violating any provision of this section shall pay a penalty of not to exceed Fifty Dollars for such offense. Any violation of this section shall constitute disorderly conduct and any person violating the same shall be a disorderly person."

The complainant is a police officer of Johnson City. The facts alleged in the words of the complainant to constitute this offense are as follows: "I was putting these prisoners into the prowl car, into the back seat, defendant walked by and stopped and in a sarcastic and contemptible manner interfered with me in my duty of putting my prisoners in the prowl car, by giving them advice to keep their mouths shut, and that a lawyer would soon be on the way."

The officer told him to move on and he did so.

The question for determination here is whether or not such action constitutes a violation of the above ordinance or any crime. Later, the defendant is alleged to have resisted an attempt by the complainant to arrest him, without a warrant, for the violation of this ordinance. If this was not a crime, the officer had no right to arrest the defendant and the prisoner did not resist an officer in the performance of any duty (*People* v. *O'Connor*, 257 N. Y. 473).

The highest courts in the lands have recently passed upon the question of freedom of speech in two cases, viz.: *Feiner* v. *New York* (340 U. S. 315, affg. 300 N. Y. 391); *Kunz* v. *New York* (340 U. S. 290, revg. 300 N. Y. 273).

The two cases contain the well-considered opinions of the highest courts of our land. It remains only to apply those principles to the facts in this case. I do not propose to restate or endeavor to extend the remarks contained in these opinions.

Briefly, the question is whether or not the right of free speech, as contained in the First Amendment to the Constitution, shall be denied to the citizens in order to cast a perfect calm over the police officer making an arrest.

Is such a measure an allowable minor violation? Does it impose slight limitations upon that freedom of speech as permitted by the courts, or is it a complete infraction of this constitutional guarantee as condemned by the courts?

Such advice has been given the commendation of the Court of Appeals in this State (*People* v. *Mleczko,* 298 N. Y. 153, 160). Probably every lawyer has had occasion to advise his clients not to make statements. This is considered good advice whether the person charged with a crime is innocent or guilty. The defendant had an absolute right to give this advice free of charge and it is the same advice that lawyers would give under the same circumstances.

Without dwelling further upon the mass of opinion which has been written upon the subject of free speech, my decision is that the making of these statements by the defendant as alleged, was within his rights as a citizen and is protected by the Constitution of the United States (1st Amendt.) and the Constitution of the State of New York (art. I, § 6).

I find no fault with the ordinance. I do not think the application of the ordinance to such a situation was ever intended.

The judgment of conviction is reversed and the complaint dismissed.

Submit order accordingly.